[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
Suffield Development Associates Limited Partnership (SDALP) filed the present lawsuit (declaratory judgment action) in May of 1999, seeking a determination of the rights of National Loan Investors, L.P. (NLI) in and to certain proceeds from a settlement reached between the parties in a civil action captioned Suffield Development Associates Limited Partnership v.Society for Savings, No. X04-CV-94-0117470-S (lender liability action). NLI claims it is entitled to a portion of these proceeds pursuant to the terms of a stipulated judgment entered into between SDALP and NLI on December 17, 1996 in a foreclosure action captioned National Loan Investors, L.P. v. Suffield DevelopmentAssociates Limited Partnership. et al., No. X04-CV-91-0118052-S (foreclosure action). All three cases were transferred to the complex litigation docket.
Pursuant to the terms of the stipulation in the foreclosure action, NLI received a deficiency judgment in the amount of $375,000, "which judgment shall be satisfied only by proceeds from a certain Lender Liability Judgment in favor of Suffield in a certain civil action known as Suffield Development Associates, L.P. v.Society for Savings. . . ." In that lender liability action, SDALP obtained a $2.5 million judgment against Society for Savings on the breach of contract count. An appeal from that judgment was taken and, while the appeal was pending, SDALP and NLI signed the subject stipulation. In March of 1998, our Supreme Court reversed the judgment and remanded the case to the trial court with direction to render judgment for the defendant on the breach of contract count, and for a new trial on the promissory estoppel CT Page 15948 count. Suffield Development Associates Limited Partnership v.Society for Savings, 243 Conn. 832, 846, 708 A.2d 1361 (1998). After the retrial of the lender liability action had commenced in. April of 1999, the parties settled the claims for $1.5 million and a withdrawal of that action was filed with the court.
NLI claims it is entitled to a portion of the proceeds from the settlement of the lender liability action pursuant to the stipulated judgment entered in the foreclosure action. The subject stipulation contains a mathematical sliding scale, the amount payable to NLI being dependent upon the proceeds received by SDALP from Society for Savings. NLI contends that, in accordance with the provisions of paragraph 3(a), it is entitled to approximately $359,000. This amount represents 15% of the $1.5 million settlement amount, i.e., $225,000, plus statutory interest on said amount in the amount of $101,301.64, plus $32,630.16 incurred as costs associated with the service of a bank execution in May of 1999.
SDALP claims that the deficiency judgment in favor of NLI could only be satisfied from the proceeds of the lender liability "judgment" in the lender liability action. That judgment was on appeal at the time the stipulation was signed and was subsequently reversed by the Supreme Court. According to SDALP, the "judgment" no longer existed after the reversal and, therefore, NLI was not entitled to any proceeds from the settlement of that case on remand. At oral argument, counsel for SDALP maintained that his client's position would be the same even if the initial judgment in the lender liability action had been reversed by the Supreme Court on the basis of an incorrect jury instruction on the breach of contract claim, with an order of remand and a new trial on both counts.
The court rejects the position of SDALP that the settlement of the lender liability claim, after reversal by the Supreme Court for instructional, evidentiary or any other legal error, would somehow remove these proceeds from the operation of the provisions of the stipulated judgment. Counsel for SDALP also conceded at oral argument that a settlement of the claim prior to the reversal of the judgment by our Supreme Court would entitle NLI to proceeds under that stipulation. This court holds that a settlement of the same claim after the Supreme Court decision, upon remand and retrial, requires the same result.
The court finds that all parties who have a possible interest CT Page 15949 in this declaratory judgment action are present. The court further finds that the $1.5 million settlement amount from the retrial of the lender liability action constitutes proceeds from a "certain lender liability judgment" as described in the stipulation concerning the deficiency judgment entered into between these parties in the foreclosure action. NLI is entitled to the sum of $200,000 in accordance with paragraph 3(b) of the stipulated judgment, the proceeds to SDALP being less than $1,333,333.33 taking into account the attorney's fees charged in the lender liability action. The court finds that the execution costs and statutory interest claimed by NLI do not apply to paragraph 3(b) and, therefore, does not award them.
Judgment will enter accordingly.
Koletsky, J.